UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGGIE LAMOUR LAY,

    Petitioner,                                                     Case No. 22-cv-11095
                                                                     Hon. Matthew F. Leitman

v.

PEOPLE OF THE STATE
OF MICHIGAN,

    Respondent.
_____/

### ORDER (1) GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 4); AND (2) SUMMARILY REMANDING CASE

Reggie Lamour Lay is a criminal defendant in a pending state homicide prosecution in the 7th Judicial Circuit Court in Genesee County, Michigan. He is currently detained in the Genesee County Jail. On May 13, 2022, Lay filed *pro se* the instant Notice of Removal in which he purported to remove his criminal prosecution to this Court. (*See* Notice of Removal, ECF No. 1.) On June 1, 2022, Lay filed an Application to Proceed Without Prepaying Fees or Costs. (*See* Application, ECF No. 4.) After reviewing Lay's materials, the Court will **GRANT** the Application to Proceed Without Prepaying Fees or Costs and **SUMMARILY REMAND** this action back to the 7th Circuit Court.

1

**I**

The Court begins with Lay's Application to Proceed Without Prepaying Fees or Costs (ECF No. 4). Applications to proceed without the prepayment of fees or costs are governed by 28 U.S.C. § 1915(a)(1). That statute provides that a federal court "may authorize the commencement […] of any suit, action, or proceeding […] by a person who submits an affidavit that includes a statement of all assets […] that the person is unable to pay such fees[.]" *Id.*

In Lay's Application, he reports a complete lack of income and minimal assets apart from a truck that he states is currently being held in evidence. (*See* Application, ECF No. 4.) The Court has reviewed the Application and is satisfied that the prepayment of the filing fee would cause an undue financial hardship on Lay. The Court therefore **GRANTS** the Application and permits Lay to proceed *in forma pauperis*.

**II**

The Court turns next to Lay's Notice of Removal. Lay purports to request "an order of removal" with respect to Lay's criminal prosecution that is pending in the 7th Circuit Court in Flint, Michigan. (*See* Notice, ECF No. 1, PageID.2–3.)

Removal of state-court criminal prosecutions is permissible only in "rare circumstances." *Thurmond v. Southfield Police Dep't*, 2017 WL 5892229, at *1 (E.D. Mich. Apr. 20, 2017). Such removals are governed procedurally by 28 U.S.C.

§ 1455 and substantively by 28 U.S.C. § 1443. Another Judge of this Court set forth the procedural requirements under Section 1455 as follows:

> A defendant seeking to remove a criminal prosecution from a state court must file a notice of removal" containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." 28 U.S.C. § 1455(a). "A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or any time before trial, whichever is earlier . . . ." *Id.* at § 1455(b)(1). A notice of removal does not prevent the state court from proceeding with its case, *id.* at § 1455(b)(3), and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand," *id.* at § 1455(b)(4).

*Thurmond v. Langford-Morris*, 2014 U.S. Dist. LEXIS 200268, at *4–5 (E.D. Mich. Aug. 14, 2014). Substantively, 28 U.S.C. § 1443 provides as follows:

> Any of the following […] criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> >
> > (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

3

Lay does not claim to be prosecuted for an "act under color of authority derived from any law providing for equal rights, or from refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2). Accordingly, Section 1443(1) is the only potentially plausible basis for removal. The Sixth Circuit has explained the test for removals under Section 1443(1) as follows:

> To remove his case to federal court under § 1443(1), [a state-court criminal defendant] must show that he cannot enforce his rights under a federal law that provides for equal rights in terms of racial equality. *See Georgia v. Rachel*, 384 U.S. 780, 792, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966). In addition, he must show that he cannot enforce those rights in the state courts. *See Johnson v. Mississippi*, 421 U.S. 213, 219, 95 S. Ct. 1591, 44 L. Ed. 2d 121 (1975).
>
>> [I]t is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be "denied or cannot enforce in the courts" of the State any right under a federal law providing for equal civil rights. . . . Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it

4

> can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*City of Greenwood v. Peacock*, 384 U.S. 808, 827-28, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966).

*Thurmond v. Langford-Morris*, No. 14-2232, 2015 U.S. App. LEXIS 23410, at *2–3 (6th Cir. Apr. 28, 2015).

Upon reviewing Lay's Notice of Removal, the Court finds that – even construed liberally – it is deficient on its face. As a procedural matter, Lay's case has been pending since December 2019. (*See* Notice, ECF No. 1, PageID.5.) It is highly likely that Lay's Notice of Removal is not timely for failure to file within 30 days of his arraignment, and his petition offers no cause for the delay. *See* 28 U.S.C. § 1455(b)(1). Even if it were timely, however, Lay's purported removal is insufficient. Lay's filing is nearly devoid of any allegations of wrongdoing at all, and it certainly contains no allegations "that he cannot enforce his rights under a federal law that provides for equal rights in terms of racial equality." *Thurmond*, 2015 U.S. App. LEXIS 23410, at *2. Accordingly, the Court finds that Lay has provided no basis from which the Court could conclude removal is proper.

For these reasons, the Court concludes that it "clearly appears on the face of [Lay's] notice […] that removal should not be permitted[.]" 28 U.S.C. § 1455(b)(4). The Court therefore **SUMMARILY REMANDS** Lay's action back to the 7th Circuit

5

Court. *See* 28 U.S.C. § 1455(b)(4). The Court likewise concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: June 16, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 16, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126